**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Case No. 5:18-cr-00038-TBR**

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.

JOSHUA TRENZELL FOX                                                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant Joshua Fox's ("Fox") *pro se* Motion for Compassionate Release. [DN 54]. Fox then filed a supplement to that motion. [DN 55]. The government responded [DN 58] and then filed a sealed document. [DN 60]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Fox's Motion for Compassionate Release [DN 54] is **DENIED**.

**I. Background**

Fox was indicted on nine counts of possession with the intent to distribute methamphetamine on September 11, 2018. [DN 1]. On September 5, 2019, Fox pleaded guilty to all nine counts. [DN 33]. He was subsequently sentenced to 150 months imprisonment. [DN 46]. Fox now seeks compassionate release due to the Covid-19 pandemic.

**II. Legal Standard**

"The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days

after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court must proceed through three steps of analysis. *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). At step one, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). In step two, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)). Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B1.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). The application notes to § 1B1.13 provide that extraordinary and compelling reasons for a reduction in terms of imprisonment include certain medical conditions, age of the defendant, family circumstances, and other reasons as determined by the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1. Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.*

After considering whether extraordinary and compelling reasons warrant a sentence reduction the district court proceeds to the final step of the analysis. If a reduction is warranted the court is to consider whether that reduction is defensible under the circumstances of the case by considering any relevant factors of 18 U.S.C. § 3553(a). *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

### III. Discussion

**A. Exhaustion of Remedies**

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d 573, 577 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *Marshall,* 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020). Here, Fox requested compassionate release from the warden. Warden Gomez denied Fox's request in October of 2020. [DN 55-1 at PageID 332]. Fox filed his motion on January 14, 2021 and has therefore exhausted his administrative remedies.

## B. Extraordinary and Compelling Reasons

Fox argues his various medical conditions constitute extraordinary and compelling reasons for his release in light of the Covid-19 pandemic. The government argues the fear of contracting Covid-19 is not enough to satisfy the extraordinary and compelling reasons standard.

Fox's medical records support his claim that he suffers from hypertension, type 2 diabetes, asthma, sleep apnea, and high cholesterol. [*See generally* DNs 54-2; 60]. The Centers for Disease Control ("CDC") states those with hypertension and asthma *may* be at an increased risk for severe illness.[1] Those with type 2 diabetes are at a greater risk.[2] There is no indication that sleep apnea and high cholesterol increase any risk of experiencing severe Covid-19 symptoms.

Fox does not argue the prison has not managed his medical conditions. According to his medical records, Fox has been seen several times by medical providers throughout this pandemic.

---

[1] Centers for Disease Control, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed February 16, 2021).
[2] *Id.*

4

[DN 60]. His conditions appear to be well managed. Fox only argues the prison has failed to control the spread of the virus. At this time, USP McCreary, where Fox is located, has six positive inmates and fifteen positive staff members.[3] Although the virus is present, there is no widespread outbreak at USP McCreary. The Court does recognize that Fox is at a higher risk for experiencing severe effects if he contracts Covid-19. However, due to the small number of positive cases and the prison's ability to manage Fox's medical conditions, extraordinary and compelling reasons are not present. Therefore, the Court must deny Fox's motion. Even if Fox showed extraordinary and compelling reasons, he would not be entitled to release sue to the sentencing factors.

## C. 18 U.S.C. § 3553(a) Factors

In the present case, Fox was found to possess a total converted drug weight of 19,147.80 kg of methamphetamine. [DN 42 at 9]. Fox has a criminal record dating back to 2006. [*Id.* at 11]. His prior convictions range from possession of marijuana to trafficking cocaine and assault. [*Id.* at 11-15]. In denying Fox's request for compassionate release, the warden noted Fox's "high recidivism risk score and history of violence." [DN 55-1 at PageID 332]. Due to Fox's risk score, his release would not comport with the sentencing factors. Therefore, the Court must deny Fox's motion.

---

[3] BOP, Coronavirus https://www.bop.gov/coronavirus/ (last accessed February 19, 2021).

## IV. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Fox's Motion for Compassionate Release [DN 54] is **DENIED**.

**IT IS SO ORDERED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

March 3, 2021

cc: Joshua Trenzell Fox
    19486-033
    USP McCreary
    Inmate Mail/Parcels
    P.O Box 3000
    Pine Knot, KY 42635
    PRO SE